**FILED**
**JUL 14 2015**
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

George Lee Odemns III, )
)
    Plaintiff, )
) Case: 1:15-cv-01124  Jury Demand
v. ) Assigned To : Unassigned
) Assign. Date : 7/14/2015
Liberty Global *et al.*, ) Description: Pro Se Gen. Civil F Deck
)
    Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a District of Columbia resident, sues thirty-eight defendant entities, including UPI in the District of Columbia. Plaintiff alleges that since his birth in October 1980, the defendant entities, "have been collecting data (sounds, words, thoughts, dreams) from me for financial profit without consent . . . ." Compl. at 3. He further alleges that the data was "transmitted straight to the source(s) computer/super computer, teleprompter, etc. . . . [and] then

1

distributed to the entities employees." *Id.* (parenthesis in original). Plaintiff "thought maybe that [he] wasn't getting compensated because of identity protection purposes but it has become clear that [he is] a technological slave." *Id.* Plaintiff seeks $5 trillion in "compensation" from each entity. *Id.* at 4.

The complaint does not present a federal question, and diversity jurisdiction is wanting because the plaintiff and at least one of the defendants, UPI, reside in the District of Columbia. Moreover, the baseless and wholly incredible allegations comprising the complaint are so insubstantial as to deprive this Court of subject matter jurisdiction. *See Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). Even if the Court were to exercise jurisdiction, the complaint is frivolous and, thus, subject to dismissal under 28 U.S.C. § 1915(e). *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Hence, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

DATE: July 7, 2015

_____
United States District Judge

2